UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:09-cr-133 |
| | ) | |
| MICHAEL MOTT | ) | COLLIER/CARTER |

REPORT AND RECOMMENDATION

I. Introduction

Defendant's motion to suppress [Doc. 16] is pending before the undersigned Magistrate Judge having been referred by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Defendant seeks to suppress statements he made to law enforcement agents following his arrest on a state arrest warrant. For the reasons stated herein, it is RECOMMENDED that this motion be DENIED.

II. Background

Defendant asserts that he was arrested in the early evening hours of August 2, 2009, on a state arrest warrant on the pretext of prosecuting defendant for harassment in violation of Tennessee law when, in reality, law enforcement wanted an opportunity to question the defendant about other criminal activities. As proof of this contention, defendant asserts he was never prosecuted for harassment in violation of state law. In fact, according to defendant, the state arrest warrant was never returned to the court which issued it, the General Sessions Court of Hamilton County, Tennessee. Instead, according to defendant "within a short period of time after his arrest on the state harassment warrant," (Defendant's motion to suppress at 1, Doc.16), an agent with the Federal Bureau of Alcohol, Tobacco and Firearms and a Chattanooga police

1

officer questioned the defendant at the Chattanooga Police Department. During the questioning, defendant made oral and written statements against interest. The next day, August 3, 2009, the defendant was arrested on a federal arrest warrant and charged with the federal crimes for which he is now being prosecuted.[1]

Defendant argues that "[s]aid questioning violates Rule 5(a)(1) of the Tennessee Rules of Criminal Procedure" which requires any person arrested to "be taken without unnecessary delay before the nearest appropriate magistrate...." In this regard, defendant concludes, "[w]ere it not for the illegal and unconstitutional actions of the law enforcement officers, Mr. Mott would have never made said admissions against interest. The statements should be suppressed as being in violation of Article I, Section 8 and 7 of the Constitution of the States of Tennessee and the 5th, 14th and 4th Amendments of the United States Constitution." (Defendant's motion to suppress at 2, Doc.16).

### III. Analysis

Even assuming all underlying facts alleged by the defendant to be true, defendant does not set forth sufficient reasons to justify suppression of statements he made to law enforcement officers on August 2 or 3, 2009.

*A. State Law Does Not Apply*

To begin, it has long been established that federal law, not state law, applies in determining the admissibility of evidence in federal court. *See Elkins v. United States,* 364 U.S.

---

[1] Defendant is charged with possessing unregistered firearms and destructive devices in violation of 26 U.S.C. §§ 5861 and 5871; knowingly possessing explosive materials while unlawfully using controlled substances in violation of 18 U.S.C. §§ 842 and 844; and knowingly possessing firearms and ammunition while unlawfully using controlled substances in violation of 18 U.S.C. § 922(g)(3). (*See* Indictment, Doc. 7).

2

Case 1:09-cr-00133-CLC-WBC   Document 20   Filed 11/03/09   Page 2 of 5   PageID #: 44

206, 223-24 (1960); *Preston v. United States*, 376 U.S. 364, 366 (1964); *United States v. Bennett*, 170 F.3d 632, 635 (6th Cir. 1999); *United States v. Shields*, 978 F.2d 943, 945 (6th Cir. 1992); *United States v. Franklin*, 284 Fed.Appx. 266, 278 (6th Cir. July 1, 2008). Therefore, neither the Tennessee Rules of Criminal Procedure nor the Tennessee Constitution can supply a basis to suppress evidence in this case.

      *B. Defendant's Fourth Amendment Argument*

      The undersigned now turns to defendant's very general argument that his statements should be suppressed "as being violation of .... the 5th, 14th and 4th Amendments of the United States Constitution." In this regard, the *only* specific argument that defendant makes is that his arrest on the basis of a state arrest warrant on charges of "harassment" was nothing more than a pretext to seize the defendant and question him about other crimes. Significantly, defendant does not allege that probable cause to issue the warrant for his arrest on state charges was lacking.

      In *Arkansas v. Sullivan*, 532 U.S. 769 (2001) (per curiam), the Supreme Court reaffirmed its decision "in *Whren* , in which we noted our 'unwilling[ness] to entertain Fourth Amendment challenges based on the actual motivations of individual officers,' and held unanimously that '[s]ubjective intentions play no role in ordinary probable-cause Fourth Amendment analysis.'" *Sullivan*, 532 U.S. at 771-72 (brackets original) (quoting *Whren v. United States*, 517 U.S. 806, 813 (1996)). *See also, United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993) (en banc) ("The stop is reasonable if there was probable cause, and it is irrelevant what else the officer knew or suspected about the traffic violator at the time of the stop."); *accord Gaddis ex rel. Gaddis v. Redford Tp.*, 364 F.3d 763, 771 n. 6 (6th Cir. 2004). This maxim is true whether the Fourth Amendment detention is a mere traffic stop or a full custodial arrest. *Sullivan*, 532 U.S. at 772.

3

Had defendant's arrest on state charges been made without probable cause to issue the arrest warrant, then defendant would have a viable argument that his statements were the result of an illegal arrest and therefore should be suppressed as fruit of the poisonous tree. *United States v. Shaw*, 464 F.3d 615, 626 (6th Cir. 2006) ("A confession obtained by exploitation of an illegal arrest may not be used against a criminal defendant, unless such confession results from 'an intervening independent act of a free will' sufficient to purge the primary taint of the unlawful invasion.") (citing *Brown v. Illinois,* 422 U.S. 590 (1975) and *Wong Sun v. United States*, 371 U.S. 471, 486 (1963)). However, no such argument has been made.

*C. Defendant's Fifth and Fourteenth Amendment Arguments*

There are "two constitutional bases for the requirement that a confession be voluntary to be admitted into evidence: the Fifth Amendment right against self-incrimination and the Due Process Clause of the Fourteenth Amendment." *Dickerson v. United States*, 530 U.S. 428, 433 (2000); *see also Van Hook v. Anderson*, 488 F.3d 411, 415 (6th Cir. 2007). Accordingly, "[s]tatements made by a suspect in response to interrogation while in police custody are not admissible unless the defendant has first been apprized of the constitutional right against self-incrimination and has validly waived this right." *United States v. Cole*, 315 F.3d 633, 636 (6th Cir. 2003); *see also Van Hook*, 488 F.3d at 415, 417 n. 4. "A defendant's waiver of *Miranda* rights must be found, based on the totality of the circumstances, to be voluntary, knowing, and intelligent." *Seymour v. Walker*, 224 F.3d 542, 553-54 (6th Cir. 2000) (citing *Moran v. Burbine*, 475 U.S. 412, 421 (1986)). In the instant case, defendant does not contend that police failed to give him his Miranda warnings or that his statements were not intelligently or voluntarily made. Had defendant made such a contention, then the burden would be on the government to show

4

*Miranda* warnings were given and that the statements were voluntarily made. *United States v. Miggins*, 302 F.3d 384, 397 (6th Cir. 2002) ("When a defendant claims that a confession was coerced, the government bears the burden of proving by a preponderance of the evidence that the confession was in fact voluntary.") (quoting *United States v. Mahan*, 190 F.3d 416, 422 (6th Cir.1999)). However, the undersigned will not address issues which have not been raised.

It also appears that defendant is arguing his statements cannot be used against him because these statements were made while he was in police custody for charges on which he was never arraigned or prosecuted. Defendant has cited no authority for such a proposition and the undersigned is aware of none. Thus, I conclude this argument does not prevail.

### IV. Conclusion

Therefore, for the reasons stated herein, it is RECOMMENDED defendant's motion to suppress be DENIED.[2]

ENTER:

Dated: November 3, 2009            s/William B. Mitchell Carter
                                              UNITED STATES MAGISTRATE JUDGE

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).