UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 1:09-cr-133 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| MICHAEL MOTT ) | |
| ) | |
| Defendant. ) | |

## ORDER & MEMORANDUM

Defendant Michael Mott ("Defendant") moved to suppress statements he made to law enforcement agents following his arrest on a state arrest warrant (Court File No. 16). The motion was referred to United States Magistrate Judge William B. Mitchell Carter, who filed a report and recommendation ("R&R") recommending Defendant's motion be denied (Court File No. 20). Defendant timely filed an objection (Court File No. 21). The government did not file a response. For the following reasons, the Court will **ACCEPT** and **ADOPT** the R&R (Court File No. 20). Accordingly, Defendant's motion to suppress is **DENIED** (Court File No. 16).

According to Defendant's motion, he was arrested on August 2, 2009, on a state arrest warrant for committing harassment in violation of Tennessee law. Shortly after his arrest on the state warrant, an agent with the Federal Bureau of Alcohol, Tobacco and Firearms and a Chattanooga police officer questioned him at the Chattanooga Police Department concerning other criminal activity. During the questioning, Defendant made oral and written statements, which he now argues should be suppressed. The next day, Defendant was arrested on a federal arrest warrant and charged with the federal crimes for which he is now being prosecuted.

In Defendant's objection to the R&R, he argues his statements should be suppressed, because

he made them while being unlawfully detained under state law (Court File 21, at 1). Specifically, he notes the Tennessee Rules of Criminal Procedure require law enforcement to take an arrestee before a state magistrate "without unnecessary delay." Tenn. R. Crim. P. 5(a)(1). Defendant alleges this provision was violated, because though he was arrested on the state law warrant, he was never taken before a state magistrate, because of the intervening federal arrest. The magistrate judge held that even if these facts do violate Tennessee criminal procedure, the Court is not required to suppress evidence under the Fourth Amendment, because federal law, rather than state law, determines the admissibility of evidence in federal court (Court File 20, at 3). This Court must conduct a *de novo* review of those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C).

Having reviewed the entire record, the Court agrees with the magistrate judge. According to the Supreme Court, when analyzing a claim of a violation of the Fourth Amendment's protection against unreasonable searches and seizures, "[t]he test is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed." *Elkins v. United States*, 364 U.S. 206, 223-24 (1960); *see also Virginia v. Moore*, ___ U.S. ___, 128 S. Ct. 1598, 1606 (2008) (holding the Fourth Amendment is not violated when officials fail to comply with state law limitations on search and seizure that are more restrictive than federal constitutional standards); *United States v. Wright*, 16 F.3d 1429, 1437 (6th Cir. 1994) ("The fact that the arrest, search, or seizure may have violated state law is irrelevant as long as the standards developed under the Federal Constitution were not offended.").

Here, Defendant does not argue his questioning by federal law enforcement following his arrest on the state law warrant violates the Fourth Amendment. For example, Defendant does not argue the questioning violated his *Miranda* rights, nor does he argue his statements were not

2

voluntarily or intelligently made. Rather, his only objection rests on the proposition that the questioning became illegal when law enforcement failed to comply with Tennessee criminal procedure (Court File No. 21, at 1-2). Because Defendant does not allege a violation of the Fourth Amendment, Defendant's objection is without merit.

Therefore, the Court **ACCEPTS** and **ADOPTS** the R&R (Court File No. 20) and **DENIES** Defendant's motion to suppress (Court File No. 16).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**